JPL:SDD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M 11-1186

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

THOMAS DAVIS,

         Defendant.

- - - - - - - - - - - - - - - - - X

COMPLAINT AND AFFIDAVIT IN
SUPPORT OF ARREST WARRANT
(T. 18, U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

    Anthony Grubisic, being duly sworn, deposes and says that he is a Special Agent of the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

    Upon information and belief, on or about November 27, 2011, within the Eastern District of New York, the defendant THOMAS DAVIS, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a Smith & Wesson .38 caliber revolver.

    (Title 18, United States Code, Section 922(g)(1))

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

1. My information in this case comes from reviews of records of the New York City Police Department ("NYPD") and other Government agencies, and conversations with NYPD officers.

2. On November 27, 2011, at approximately 8:45 p.m., uniformed police officers of the NYPD Impact Unit of the 79th Precinct were on duty at a foot post in the vicinity of the Tompkins Houses, a New York City Public Housing Development (the "Tompkins Houses").

3. Officers heard gunshots in the vicinity of Tompkins Avenue and Park Avenue, which is adjacent to the Tompkins Houses, and proceeded in that direction to investigate. Upon arriving at 65 Tompkins Avenue, a building within the Tompkins Houses, an NYPD officer observed the defendant THOMAS DAVIS walking towards the entrance to the building at 65 Tompkins Avenue, which DAVIS entered.

4. The NYPD officers followed the defendant THOMAS DAVIS into the building. Inside the lobby, one of the officers observed that the defendant THOMAS DAVIS was holding a revolver in his right hand. When the officers gave verbal commands for the defendant to stop, the defendant THOMAS DAVIS ran down the hallway of the building into a first floor residential apartment ("the apartment").

5. The NYPD officers pursued the defendant THOMAS DAVIS into the apartment, at which time one of the officers observed the defendant throw a handgun out the window. The officers apprehended the defendant at that time and, immediately afterwards, went to the area outside the first floor window of the apartment. Outside the apartment, under the window, officers recovered two handguns, one of which was the Smith & Wesson .38 caliber revolver that officers had seen the defendant THOMAS DAVIS holding in his right hand moments before.

6. I have reviewed the defendant THOMAS DAVIS's criminal history records and have determined that the defendant was convicted (a) on November 16, 2010, in New York County Supreme Court, of Criminal Sale of a Controlled Substance in the Third Degree in violation of New York State Penal Law § 220.39, a class B felony, and (b) on March 11, 2011, in New York County Supreme Court, of Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York State Penal Law § 220.39, a class B felony. Both of these crimes are punishable by a term of imprisonment of more than one year.

7. I have spoken with an ATF interstate nexus expert, who has advised me that the above-mentioned Smith & Wesson .38 caliber revolver was manufactured outside the State of New York.

4

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant THOMAS DAVIS so that he may be dealt with according to law.

_____
Anthony Grubisic
Special Agent
Federal Bureau of Investigation

Sworn to before me this
1st day of December, 2012

_____
JDGE
RK